UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| L.A.L., | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:25-cv-00003-GFVT |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| FRANK BISIGNANO, *Commissioner of Social Security*, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff L.A.L seeks judicial review of an administrative decision denying her claim for social security disability benefits.[1]  L.A.L. brings this action pursuant to 42 U.S.C. § 405(g), alleging error on the part of the administrative law judge who considered the matter.  The Court, having reviewed the record and for the reasons set forth herein, will **DENY** L.A.L.'s Motion for Summary Judgment [R. 10] and **GRANT** the Commissioner's [R. 12].

**I**

Plaintiff L.A.L. filed an application for Title II Social Security Disability Insurance Benefits on July 8, 2022.  [R. 10 at 1.]  The Social Security Administration denied her claim on its initial review.  *Id.*  On reconsideration, the Social Security Administration again denied L.A.L.'s claim.  *Id.*  L.A.L. then had a hearing before Administrative Law Judge Lyle Eastham, who again denied L.A.L.'s request for benefits.  *Id.*  On November 26, 2024, the Appeals Council denied review, leading L.A.L. to file a Complaint with this Court, seeking review under 42 U.S.C. § 405(g).  [R. 1; R. 10 at 2.]  Both parties have now filed motions for summary

---

[1] The claimant's initials are used in lieu of their name to protect their sensitive medical information contained throughout the Memorandum Opinion and Order.

judgment.  [R. 10; R. 12.]  The Plaintiff filed a notice informing the Court she would not file a Reply in this matter to avoid unnecessarily duplicative briefing and the matter is therefore ripe for review.  [R. 13.]

## II

To evaluate a claim of disability for Supplemental Security Income disability benefits, the ALJ conducts a five-step analysis.  *See* 20 C.F.R. § 416.920.  If at any step the ALJ can find that the claimant is disabled or not disabled, the analysis stops.  *Id.* § 404.1520(a)(4).  First, if a claimant is performing substantial gainful activity, she is not disabled.  *Id.* § 404.1520(a)(4)(i).  Second, if a claimant does not have a severe impairment or combination of impairments, she is not disabled.  *Id.* § 404.1520(ii).  Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  *Id.* §§ 404.1520(a)(4)(iii), (d).

Before moving on to the fourth step, the ALJ must use all the relevant evidence in the record to determine the claimant's residual functional capacity, which assesses her ability to perform certain physical and mental work activities on a sustained basis despite any impairment.  *See id.* C.F.R. §§ 404.1520(e), 404.1545.  Under the fourth step, an ALJ uses a claimant's RFC to determine whether she is still able to do her past work.  *Id.* § 404.1520(a)(4)(iv).  If so, he is not disabled.  *Id.*

Finally, if an ALJ assesses a claimant's RFC in conjunction with her age, education, and work experience and finds that the claimant cannot adjust to perform other jobs available in significant numbers in the national economy, the claimant is disabled.  *See Id.* §§ 404.1520(g), 404.1560(c).  Through step four of the analysis, "the claimant bears the burden of proving the existence and severity of limitations caused by [her] impairments and the fact that [she] is

2

precluded from performing [her] past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

## A

The ALJ completed the five-step analysis to determine L.A.L.'s disability status. He first determined that L.A.L. had not engaged in substantial gainful employment during the period in which she claimed to be disabled. [R. 7 at 18.] Then, the ALJ found that L.A.L. had the following severe impairments: hearing loss, depression, and anxiety. *Id.* The ALJ also determined that L.A.L. "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)" after considering L.A.L.'s mental impairments under the "paragraph B" and "paragraph C" criteria. *Id.* at 16-19. This determination involved the ALJ concluding that L.A.L. had no limitations interacting with others; understanding, remembering, or applying information; or adapting and managing oneself, but does have a moderate limitation concentrating, persisting, or maintaining pace. *Id.* The ALJ then moved onto step three, the RFC determination, finding that:

> the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except unrestricted reaching, handling, fingering, and feeling bilaterally; frequently climbing ramps and stairs; never climbing ladders, ropes, and scaffolding; unrestricted balancing, per Selected Characteristics Occupations, stooping and crouching; frequently kneeling and occasional crawling; occasional exposure to vibrations; never work at unprotected heights; never work around dangerous machinery, with no operation of motorized vehicles as a work requirement; work environment to be no louder than a moderate noise level; can perform simple tasks with simple instructions that are written and or orally given face to face and demonstrated.

*Id.* at 19-20. At the fourth step of the process the ALJ determined that L.A.L. was unable to perform her past work as a Billing Clerk and as a Welding Machine Operator. *Id.* at 22-23. At the last step the ALJ determined there are a number of jobs L.A.L. could perform in the national

3

economy, including Laundry Worker, Hospital Cleaner, Mail Clerk, Library Page, and Office Helper. Id. at 23-24. Accordingly, the ALJ determined that L.A.L. is "not disabled." *Id.* at 24-25.

## B

The Court's review of the ALJ's determination is limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). "Substantial evidence" is said to be "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decision makers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

To decide whether substantial evidence exists, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). A reviewing court is restricted from making factual findings *de novo*, resolving conflicts in the evidence, or making credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). Rather, if the Commissioner's decision is supported by substantial, legitimate evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *Id.* at 714.

4

L.A.L. raises a single issue with how the ALJ decided her case. In her view, the RFC is not supported by substantial evidence because it "fails to account for [L.A.L.'s] moderate limitation in concentration, persistence, and maintaining pace." [R. 10 at 6.] Thus, the ALJ's claim "that jobs existed in the national economy that [L.A.L.] could perform" was in error as proper limitations were not posed to the vocational expert. *Id.* at 7-8. In essence L.A.L. sees the moderate limitation on concentration, persistence, and maintaining pace as inadequately included in the RFC where the only mental limitation was "the statement that [L.A.L.] 'can perform simple tasks with simple instructions that are written and or orally given face to face and demonstrated.'" *Id.* at 7 (quoting [R. 7 at 19.]) In her view this bare statement does not account for whether L.A.L.'s moderate limitation "impacts [her] ability to meet quotas, stay alert, or work at a consistence pace even when performing simple, routine, unskilled jobs." *Id.* at 8.

**1**

L.A.L.'s attack on the RFC formulated by the ALJ in her case is ultimately unavailing. Effectively, the error she sees is that the RFC included only a limited statement pertaining to her moderate limitation on concentration, persistence, and maintaining pace ("CPP"), which means the hypothetical questions the ALJ asked the vocational expert did not include other relevant limitations. As a result, "the ALJ has not met his burden of proof at Step 5 to show that jobs are available in the national economy that can be performed with Plaintiff's limitations." *Id.* at 8. For the contention that the ALJ's inclusion of only a limited statement in the RFC dealing with the Plaintiff's moderate CPP limitations was severely lacking she relies on *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516–17 (6th Cir. 2010).

It is true that in *Ealy* the Sixth Circuit found error when the ALJ accounted for a claimant's CPP limitations by merely directing the vocational expert to "assume this person [is]

limited to simple, repetitive tasks and instructions in non-public work settings." *Ealy*, 594 F.3d at 516. The Plaintiff here takes this to mean that such relatively barebones limitations can never be sufficient. Not so. In *Ealy*, there was medical evidence in the record supporting far more specific limitations and "[t]he ALJ's streamlined hypothetical omitted these speed- and pace-based restrictions completely." *Id.* In essence there was far more evidence on that record of limitations which the ALJ simply failed to convey.

Later cases considering *Ealy* have emphasized this distinction. In *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426 (6th Cir. 2014), affirmed an RFC for simple, routine, repetitive tasks and no contact with the general public where "the limitation to simple tasks portray[ed] the tasks that [the claimant] can perform without being affected by her moderate limitations." 579 App'x at 437. And *Smith-Johnson* distinguished the circumstances present there from those in *Ealy*, noting that "[u]nlike in *Ealy,* [claimaint's doctor] did not place any concrete functional limitations on [claimaint's] abilities to maintain attention, concentration, or pace when performing simple, repetitive, or routine tasks." *Id.* Indeed, the Sixth Circuit has clearly stated, in another case rejecting an overreliance on *Ealy*, that "[c]ase law in this Circuit does not support a rule that a hypothetical providing for simple, unskilled work is *per se* insufficient to convey moderate limitations in concentration, persistence and pace." *Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 635 (6th Cir. 2016) (emphasizing that claimant had "not cited to any evidence in the record that provides for specific, concrete limitations on her ability to maintain concentration, persistence or pace while doing simple, unskilled work.")

Lower courts too routinely distinguish *Ealy*. Relying on *Smith-Johnson* and *Kepke*, Judge Bunning in *Gray v. Saul*, No. CV 18-64-DLB, 2019 WL 4686599, at *5 (E.D. Ky. Sept. 25, 2019), affirmed an ALJ's "general limitation to simple and repetitive work in both the RFC

and hypothetical to the VE" where the claimant "failed to point to any evidence in the record of a more specific limitation on her ability to concentrate." In *Lucas v. Colvin*, No. 0:15-CV-48-KKC, 2016 WL 3976648, at *4 (E.D. Ky. July 22, 2016), Judge Caldwell likewise affirmed the ALJ's determination where the claimant "cite[d] to no specific mental limitations that the ALJ failed to incorporate." The focus in all of these cases is not simply on whether the ALJ's RFC limitation was too barebones, but on whether it failed to adequately reflect other documented limitations found in the record.

Here the ALJ fully considered the medical record before him in determining L.A.L.'s RFC, including her loss of hearing and mental health difficulties. The Plaintiff does not point to any specific medical findings in the record that include greater limitations than the ALJ included.[2] And far from being solely the limited statement the Plaintiff contends, the RFC actually includes some further limitations carefully calibrated to L.A.L.'s circumstances, stating that she "can perform simple tasks with simple instructions *that are written and or orally given face to face and demonstrated*." [R. 7 at 20 (emphasis added).] This inclusion specifically tracks L.A.L.'s self-report that she can follow written directions "very well" and spoken directions "100% as long as I can hear them clearly," while still accounting for her acknowledged hearing difficulties. *Id.* at 211. Despite L.A.L.'s reliance on *Ealy*, that case does not carry the day. Instead, the Court finds that the case at hand is substantively on all fours with those cases distinguishing *Ealy*, not *Ealy* itself.

---

[2] Even the evidence the Plaintiff does refer to does not make the point she wishes it to make. The Court notes that in her Brief L.A.L. states, in effect, that State agency medical consultant Dr. Roane-Belle found L.A.L. to have a moderate CPP limitation. [R. 10 at 7.] In fact, Dr. Roane-Belle found L.A.L. to only have a *mild* CPP limitation. [R. 7 at 74.]

7

**III**

      L.A.L. has the Court's sympathies, but its role is not to retry her case. Instead, the Court finds that substantial evidence supported the ALJ's opinion. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that L.A.L.'s Motion for Summary Judgment **[R. 10]** is **DENIED**, and the Commissioner's Motion for Summary Judgment **[R. 12]** is **GRANTED**. Judgment in favor of the Commissioner will be entered promptly.

      This the 5th day of August, 2025.

Gregory F. Van Tatenhove
United States District Judge

8